IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MORCOR FINANCIAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 21-00370-KD-B |
| ) | |
| LUCIDA CONSTRUCTION ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on the petition to confirm arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, and for entry of judgment (doc. 1) and the motion for default judgment (doc. 10) filed by Plaintiff Morcor Financial LLC. Upon consideration, and for the reasons set forth herein the petition and motion are GRANTED. Accordingly, the arbitration award is CONFIRMED.

I. Background

Morcor, as owner, and Lucida Construction Company LLC, as design-builder, entered into a contract whereby Lucida would provide design services and construction work on a charter school in Washington County, Alabama. Morcor alleged that Lucida breached the contract and terminated Lucida's services.[1] The contract, an AIA Document A141 Standard Form of Agreement between Owner and Design Builder, contains a written arbitration provision which states, in relevant part, as follows:

> § 14.4 Arbitration
> § 14.4.1 If the parties have selected arbitration as the method for binding dispute resolution in Section 1.3, any Claim subject to, but not resolved by, mediation shall

---

[1] The details are set forth in the Arbitration Award (doc. 1-3).

>be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Agreement. . . .
>
>§ 14.4.2 The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction.

(Doc. 1-1, p. 35).

The parties selected arbitration for binding dispute resolution (doc. 1-1, p. 6, §1.3).

Therefore, the matter was heard by a three-member panel of the American Arbitration Association.

The Panel found in favor of Morcor and on July 19, 2019, entered an award as follows:

>1. Lucida shall pay to Morcor on its claims, the sum of ONE MILLION THIRTY-FIVE THOUSAND NINE HUNDRED THREE DOLLARS AND NO CENTS ($1,035,903.00), on or before August 19, 2021;
>
>2. Lucida shall pay Morcor prejudgment interest in the amount of FORTY-TWO THOUSAND THREE HUNDRED SIXTY-THREE DOLLARS AND THIRTYSEVEN CENTS ($42,363.37), on or before August 19, 2021;
>
>3. Lucida shall pay Morcor attorney's fees in the amount of ONE HUNDRED FORTY-FOUR THOUSAND ONE HUNDRED THIRTY-TWO DOLLARS AND SIXTEEN CENTS ($144,132.16), on or before August 19, 2021;
>
>4. The Panel determines that the administrative fees and expenses of the American Arbitration Association totaling $25,900.00 shall be borne AS INCURRED, and the compensation and expenses of the Panel totaling $120,240.50 shall be borne EQUALLY, provided, however, that Morcor shall remit $24,140.50, representing the overage of Panel compensation and expenses (amount of final Panel invoices in excess of the amount on deposit with AAA) in accordance with its prior agreement to advance said Panel fees. Therefore, Lucida shall reimburse Morcor the sum of $53,295.25, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Morcor, upon demonstration by Morcor that these incurred costs have been paid.
>
>5. In the event that all or any of the sums specified in the above paragraphs of this Award are not paid as provided herein, the unpaid sums shall bear interest from August 19, 2021, at the statutory rate on judgments in Alabama of 7.5% per annum until paid; and
>
>6. This Award is in full settlement of all claims and counterclaims submitted to this arbitration. All claims and counterclaims not expressly granted herein are denied.

(Doc. 1-3, pp. 23-24).

The Award was transmitted to Morcor's and Lucida's counsel on July 19, 2021 (doc. 1-3, p. 2)).    In August 2021, Morcor timely filed a petition to confirm the arbitration award pursuant to the FAA (doc. 1); 9 U.S.C. § 9 (provides a one-year period to petition for confirmation).  Morcor states that Lucida did not pay the Award by the deadline and now seeks confirmation and entry of judgment. The summons and complaint issued and were served on Lucida's registered agent (docs. 5, 6).  Lucida did not answer or otherwise respond to the petition.

Morcor applied for a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) (doc. 8). Morcor mailed a copy of the application and affidavit in support by first class mail, postage prepaid, to Lucida's registered agent and to its counsel (doc. 8, p. 3).  The Clerk entered default and mailed a copy of the entry to Lucida (doc. 9).  Morcor filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) wherein it seeks default judgment upon the petition to confirm the arbitration award (doc. 10).  Morcor mailed a copy of the application and affidavit in support by first class mail, postage prepaid, to Lucida's registered agent and to Lucida's counsel (doc. 10, p. 9).

To date, Lucida has not responded or otherwise appeared in this action. Additionally, the three-month period during which Lucida may move to vacate, modify, or correct the Award has expired. See 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.)

II. Jurisdiction

Morcor is a citizen of Utah and Lucida is a citizen of Alabama (doc. 1, p. 2).  The amount in controversy exceeds $75,000.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997) (finding that the FAA "does not confer subject matter jurisdiction on federal courts. Instead, federal courts must

have an independent jurisdictional basis to entertain cases arising under the FAA"); Loral Corp. v. Swiftships, Inc., 77 F.3d 420, 422 (11th Cir. 1996) ("Subject matter jurisdiction for cases filed pursuant to § 9 of the Act must be based upon either diversity of citizenship or the existence of a federal question and is not dependent upon the location in which the arbitration award was made.")

The Court has personal jurisdiction over Lucida, the defaulting party. The FAA states that "[n]otice of the application [to confirm an arbitration award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9.  The Act further provides that if the adverse party is not a resident of the district within which the award was made, then "notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9.

As to the district within which the award was made, the arbitration was conducted "remotely via the Zoom platform" (doc. 1-3, p. 5).  The Award indicates that the Panel members' addresses were in Franklin, Tennessee; Greensboro, North Carolina; and Charleston, South Carolina; counsel for Morcor's address was in Atlanta, Georgia; and counsel for Lucida' address was in Birmingham, Alabama.  The Award appears to have been circulated for signature by the Panel.  The Award was ultimately transmitted from the Southeast Case Management Center for the American Arbitration Association in Atlanta, Georgia to counsel for the parties in Atlanta, Georgia and Birmingham, Alabama (doc. 1-3, p. 2).  According to the address and information provided by Morcor, Lucida is a resident of Montgomery County, Alabama, in the Middle District of Alabama (doc. 5).[2]  Thus,

---

[2] Michael and Lorie Addison are the members of Lucida. They are alleged to be citizens of Alabama. Michael Addison is registered agent, and for that purpose, his address is 4170 Lomac Street, Montgomery Alabama.  In the Award, Michael Addison is identified as the CEO and Lorie Addison is identified as the Treasurer of Lucida. The address for Lucida was in Pike Road, Alabama, in Montgomery County, Alabama.

Lucida is not a resident of any district which could be deemed as the district where the award was made by the Panel.

Lucida was served with the summons and complaint by service upon its registered agent in Montgomery, Alabama by a private process server (doc. 6). Thus, Lucida was not served by the U.S. Marshal. 9 U.S.C. § 9. However, courts have held that the phrase "in like manner as other process of the court" found in 9 U.S.C. § 9, includes service pursuant to Rule 4 of the Federal Rules of Civil Procedure. See The Round Table Franchise Corporation v. Pizza Bytes, Inc., 2020 WL 10221070 (N.D. Ga. 2020) (collecting cases). Thus, Lucida was properly served. See Fed. R. Civ. P. 4(h) (Serving a Corporation, Partnership, or Association). [3]

III. Venue

Venue is proper in the Southern District of Alabama. A "substantial part of the events or occurrences giving rise" to the claims in the arbitration occurred in Washington County, Alabama and the property that is the subject of the action, the charter school, is situated in Washington County, Alabama. 28 U.S.C. § 1391(b)(2). See Trehel Corp. v. W.S. Agee Grading Contractor, Inc., No. 1:12-CV-0054-WSD, 2012 WL 1080586, at *3, n.2 (N.D. Ga. Mar. 30, 2012) (finding that venue was proper in the Northern District of Georgia for confirmation of an arbitration award because "a substantial part of the events or omissions giving rise to Trehel's claim occurred within this district and division") (citing Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 195, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000)) (holding that the venue provisions in 9 U.S.C. § 9 are permissive and permit a motion to confirm an arbitration award to be brought "either where the award was made or in any district proper under the general venue statute.").

---

[3] See also Fed. R. Civ. P. 4(k) ("Territorial Limits of Effective Service. (1) *In General.* Serving a summons . . . establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]").

III. Standard of review and statement of the law

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). However, the Court of Appeals for the Eleventh Circuit has a "strong policy of determining cases on their merits"; therefore, default judgments are generally disfavored. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1244-45 (11th Cir. 2015). The Eleventh Circuit explained that entry of a default judgment is warranted only if there is a sufficient basis in the pleadings for judgment to be entered and has "interpreted [this] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim." Id. at 1245 (citations omitted).  Thus, the Court looks to whether the petition to confirm arbitration award contains sufficient factual matter, when accepted as true, states a claim for relief that is plausible on its face. Id.  Lucida, as the defaulted defendant, is deemed to admit all well-pleaded allegations of fact but not to admit facts not well-pleaded or to admit conclusions of law. U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin, 754 Fed. Appx. 843, 845 (11th Cir. 2018) (citing Surtain, 789 F.3d at 1245)).[4]

The FAA applies when there is a "written provision in … a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy arising out of such contract…." 9 U.S.C. § 2.  Section § 9, provides that a party may apply to a district court for an order confirming an arbitration award if made within one year of the award and "the court must

---

[4] The Court finds that a hearing on the motion for default judgment is not necessary. The Panel awarded specific sums as damages (doc. 1-3). See Organizacion Miss Am. Latina, Inc. v. Urquidi, 712 Fed. Appx. 945, 948 (11th Cir. 2017) (holding that "judgment of default awarding cash damages [can] not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.' ") (citation omitted); Sterling Equipment, Inc., v. St. Johns Ship Building, Inc., 2019 WL 691180, *4 (M.D. Fla. 2019) (finding that "an evidentiary hearing is not necessary … because the Final Award sets forth the amount of damages.").

grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11" of the statute. 9 U.S.C. § 9. "There is nothing malleable about [the] 'must grant,' [language in the FAA] which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587, 128 S. Ct. 1396, 1405, 170 L. Ed. 2d 254 (2008). Moreover, "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law.' " AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (quotations omitted). As a result, "[t]here is a presumption under the FAA that arbitration awards will be confirmed[.]" Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010) ("... the court *must* confirm[ ]" (emphasis in original)); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (the FAA "imposes a heavy presumption in favor of confirming arbitration awards."). Thus, "federal courts should defer to an arbitrator's decision whenever possible." Floridians for Solar Choice, Inc. v. Paparella, 802 Fed. Appx. 519, 521 (11th Cir. 2020) (citation omitted).

      IV. <u>Confirmation of arbitration award</u>

      Lucida, as the defaulted defendant, is deemed to admit all well-pleaded allegations of fact. Here, Morcor sufficiently alleges that the contract involves interstate commerce because materials, services, equipment, and payments crossed state lines during the performance of the contract, i.e., the construction of the charter school. In support, Morcor provides a copy of the contract (doc. 1-1). Morcor also alleges that the contract was breached and pursuant to the written arbitration provision in the contract, an arbitration proceeding was held which resulted in an Award of specific sums of damages to Morcor. In support, Morcor provides a copy of the Arbitration Panel's Award (doc. 1-3). Morcor also alleges that Lucida did not pay by the deadline in the Award, and that Morcor then filed the petition requesting confirmation of the Award and judgment. Additionally, Morcor alleges

that the Award has not been vacated, modified, or corrected as provided in the Act.

The Court finds that Morcor has pled plausible facts to establish that it prevailed in the arbitration proceedings and that it brought the petition to confirm the award and obtain judgment within the one-year period. Nothing before the Court indicates that Lucida has moved to vacate, modify, or correct the Award and the three-month period to do so has expired. Therefore, a sufficient basis exists for entry of a default judgment to confirm the arbitration Award.

Accordingly, the motion for default judgment (doc. 10) and petition for confirmation are GRANTED and the Arbitration Award entered July 19, 2019, in favor of Morcor and against Lucida is CONFIRMED.

Judgment shall be entered by separate order as provided in Rule 58(a) of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 17th day of December 2021.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**