IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MORCOR FINANCIAL, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 21-00370-KD-B |
| LUCIDA CONSTRUCTION COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

This action is before the Court on the motion to alter or amend judgment filed by Defendant Lucida Construction Company LLC and Morcor Financial LLC's response (docs. 14, 15). Upon consideration, and for the reasons set forth herein, Lucida's motion is denied.

I. Background

Morcor petitioned the Court to confirm an arbitration award and entry of judgment. The arbitration resolved a contract dispute between Morcor and Lucida. They had agreed to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

Lucida was served with the petition but did not answer or otherwise respond (doc. 6). Lucida was found in default (doc. 9). Morcor moved for default judgment and served Lucida with a copy of the motion. Lucida did not respond. The petition and motion were granted (docs. 10, 11). The Court confirmed the arbitration award and judgment was entered December 17, 2021 (doc. 12).

The arbitration award did not specify a post-judgment interest rate. However, the panel of arbitrators awarded interest "at the statutory rate on judgment in Alabama" until the sums awarded were paid. Specifically, the following:

> 5. In the event that all or any of the sums specified in the above paragraphs of this Award are not paid as provided herein, the unpaid sums shall bear interest from

1

>August 19, 2021, at the statutory rate on judgments in Alabama of 7.5% per annum until paid; …

The Court confirmed the arbitration award and included the above provision in the judgment (docs. 11, 12).

II. <u>Analysis</u>

Lucida moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment. Under this Rule, a "district court may grant a motion to amend a judgment under Rule 59(e) only if the movant presents newly discovered evidence or demonstrates 'manifest errors of law or fact' in the challenged ruling." <u>Giddens v. Lawson</u>, 839 Fed. Appx. 350 (11th Cir. 2020) (quoting <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been raised before the entry of judgment." <u>State Auto Property and Casualty Ins. Co. v. Jacobs</u>, 791 Fed. Appx. 28, 33(11th Cir. 2019) (citing <u>Arthur</u>, 500 F. 3d at 1343).

Lucida argues that the Court erred by imposing post-judgment interest at the statutory rate effective under Alabama law. Lucida argues that the federal rate of interest as provided in 28 U.S.C. § 1961(a) is the appropriate post-judgment rate, and the judgment should be amended. Lucida argues that the arbitration award merged into a new federal judgment debt on December 17, 2021, and from that day forward, the federal interest rate applied.

Morcor argues that the motion should be denied because Lucida failed to make this argument prior to the entry of the judgment. Morcor argues that Lucida cannot use Rule 59(e) to raise arguments it could have raised before the judgment was entered. Including any argument as to the post-judgment interest rate.

Lucida cites <u>Parsons & Whittemore Alabama Machinery & Services Corp. v. Yeargin Construction Co.</u>, 744 F. 2d 1482 (11th Cir. 1984) as support for its position that the federal

statutory interest applies when a final judgment confirming an arbitration award is entered. In Parsons, the district court "as ordered by the arbitration panel" ruled that the Alabama statutory rate of interest would apply and reasoned that "the judgment of a court confirming an arbitration award is not the type of judgment for which interest rates are statutorily regulated."[1] Id. at 1483. On appeal, the Eleventh Circuit explained that pursuant to 9 U.S.C. § 13,[2] "once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial" and concluded that "a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates." Id. at 1484. From this, Lucida argues that the federal statutory post-judgment interest rate should apply.

However, the Eleventh Circuit further explained that the "question remains whether the district court properly calculated the amount of interest on the judgment. In a diversity case, state law governs the award of post-judgment interest." Id. (citing Merit Insurance Co. v. Leatherby Insurance Co., 728 F.2d 943, 945 (7th Cir.1984) (applying post-judgment interest rate permitted by Illinois law to arbitration award)). The Eleventh Circuit then discussed the Alabama interest rate for post-judgment interest (including recent changes to the rate), the allowance of pre-judgment interest on the arbitration award under Alabama law, and the accrual of post-judgment interest on pre-judgment interest under Alabama law. Ultimately, the district court's decision was reversed and remanded for a recalculation of the appropriate rate under Alabama law.

The Eleventh Circuit noted that the appellant did "not contend that 28 U.S.C. § 1961, as amended, is applicable to this judgment." Thus, the applicability of this federal statute to a

---

[1] The arbitration panel awarded interest at the Alabama rate of 6%. The district court confirmed the award and entered judgment applying that rate.

[2] "The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13.

judgment confirming an arbitration award was not at issue. Although federal courts sitting in diversity have awarded post-judgment interest based upon the federal statutory rate,[3] the Parsons decision does not appear to indicate that the federal statutory rate is the only interest rate available on a judgment confirming an arbitration award.[4] Thus, confirmation of the arbitration award which resulted in post-judgment interest at the Alabama rate does not appear to be a manifest error of law.

Moreover, Lucida could have raised this argument before the arbitration award was confirmed and final judgment entered. As previously stated, a "Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been raised before the entry of judgment." State Auto Property and Casualty Ins. Co., 791 Fed. Appx. at 33.

III. Conclusion

For the reasons set forth herein, Lucida's motion is denied.

**DONE** and **ORDERED** this 1st day of April 2022.

       /s / Kristi K. DuBose
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**

---

[3] See Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 572 n. 4 (11th Cir.1991) (citing G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir.1985))

[4] See Fornell v. Morgan Keegan & Co., 2013 WL 656321, at *3 (M.D. Fla. Jan. 11, 2013), report and recommendation adopted, 2013 WL 656457 (M.D. Fla. Feb. 22, 2013) (awarding post-judgment interest at the Florida statutory rate "on all sums awarded from the date of the final judgment until paid" and finding that "[t]his is a diversity action to confirm the arbitration award. . . . In a diversity case, state law governs the award of post-judgment interest.") (citing Parsons, 744 F.2d at 1484).