EDWIN C. BARNES (#0271)
ecb@clydesnow.com
TIMOTHY R. PACK (#12193)
trp@clydesnow.com
**CLYDE SNOW & SESSIONS**
One Utah Center, #2200
201 South Main Street
Salt Lake City, UT  84111-2216
Telephone (801) 322-2516
Fax (801) 521-6280

Attorneys for Defendant

IN THE FOURTH JUDICIAL DISTRICT COURT

IN AND FOR UTAH COUNTY, STATE OF UTAH

| AMERICAN CHARTER DEVELOPMENT, LLC, <br><br> Plaintiff, <br> v. <br><br> MORCOR FINANCIAL, LLC, <br><br> Defendant. | ANSWER TO COMPLAINT <br><br> Case No. 210401539 <br><br> Judge Sean Petersen <br><br> Tier 3 |
|---|---|

Defendant Morcor Financial, LLC ("Morcor"), through its undersigned counsel, Edwin C. Barnes and Timothy R. Pack, of and for Clyde, Snow & Sessions, hereby answers the Complaint of Plaintiff American Charter Development, LLC ("ACD') and alleges as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

In response to the numbered allegations of the Complaint, Morcor admits, denies and alleges as follows.

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

6. Morcor lacks information sufficient to form a belief as to the truth of the allegations of paragraph 6, but assumes they are correct.

7. Morcor lacks information sufficient to form a belief as to the truth of the allegations of paragraph 7, but assumes they are correct.

8. In response to the allegations of paragraph 8, Morcor admits that a copy of the Owner's Rep Contract was attached to the complaint and denies all allegations of the complaint that are inconsistent therewith.

9. The allegations of paragraph 9 are admitted.

10. In response to the allegations of paragraph 10, Morcor admits that it assumed certain obligations under the Owner's Rep Contract and denies all allegations that are inconsistent therewith.

11. The allegations of paragraph 11 are admitted, and Morcor affirmatively alleges that ACD failed to make the 8% payment due under the Owners Rep Contract and is therefore in breach of that contract.

12. The allegations of paragraph 12 are denied, and Morcor affirmatively alleges that ACD met with and selected Lucida as the general contractor for the project before Morcor became involved.

13. The allegations of paragraph 13 are admitted, and Morcor affirmatively alleges that all executed change orders were discussed with and approved by ACD prior to their execution.

14. The allegations of paragraph 14 are denied, and Morcor affirmatively alleges that it was retained to act as a consultant and not a manager, and that it assumed only the responsibilities detailed in the Owner's Rep Contract.

15. The allegations of paragraph 14 are denied, and Morcor affirmatively alleges that it was retained to act only as a consultant and that it assumed only the responsibilities detailed in the Owner's Rep Contract.

16. In response to the allegations of paragraph 16, Morcor admits only that it made recommendations and did not make directions with regard to payments.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are admitted.

22. The allegations of paragraph 22 are denied.

23. Morcor lacks information sufficient to form a belief as to the truth of the allegations of paragraph 23 and accordingly denies them.

24. The allegations of paragraph 24 are denied.

25. Morcor lacks information sufficient to form a belief as to the truth of the allegations of paragraph 25 and accordingly denies them.

26. The allegations of paragraph 26 are denied.

27. In response to the allegations of paragraph 27, Morcor admits only that it was engaged to work as a consultant with those duties detailed in the Owner's Rep Contract.

28. The allegations of paragraph 28 are admitted, and Morcor affirmatively alleges that the listed dates were known to be initial milestones that depended on local labor and market conditions, among other things, and that those dates were extended by nearly a year early on in the project.

29. In response to the allegations of paragraph 29, Morcor admits that the contract with Lucida was terminated, but only after consultation with ACD and its attorney.

30. In response to the allegations of paragraph 30, Morcor spoke with other contractors at the direction of ACD, reviewed proposals from those contractors with ACD, and ACD approved hiring another general contractor on a limited scope basis. ACD then took over contracting directly. Morcor has never been terminated.

31. The allegations of paragraph 31 are denied.

32. Morcor lacks information sufficient to form a belief as to the truth of the allegations of paragraph 32 and accordingly denies them.

33. Morcor lacks information sufficient to form a belief as to the truth of the allegations of paragraph 33 and accordingly denies them.

34. In response to the allegations of paragraph 34, Morcor affirmatively alleges that ACD was involved in all negotiations with Lucida and that ACD spoke directly and negotiated directly with Lucida. Morcor admits that the issues with Lucida were submitted to arbitration, a proceeding in which Morcor prevailed and obtained a judgment against Lucida.

35. In response to paragraph 35, Morcor incorporates its responses to the referenced allegations.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. In response to paragraph 39, Morcor incorporates its responses to the referenced allegations.

40. The allegations of paragraph 40 are admitted.

41. The allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. In response to paragraph 45, Morcor incorporates its responses to the referenced allegations.

46. In response to the allegations of paragraph 46, Morcor references and incorporates the provisions of the Owner's Rep Contract and denies all characterizations of the Complaint that are contrary to or inconsistent therewith.

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. The allegations of paragraph 50 are denied.

51. Morcor denies all allegations of the Complaint not specifically admitted herein.

## THIRD DEFENSE

The claims in the Complaint are barred by the equitable doctrines of waiver, estoppel and/or laches.

## FOURTH DEFENSE

Certain claims in the Complaint are or may be barred by the doctrine of arbitration and award.

## FIFTH DEFENSE

Plaintiff's Complaint fails to identify an implied term not contained in the parties' express agreements.

## SIXTH DEFENSE

Plaintiff's purported damages, if any, were solely or proximately caused by Plaintiff's failure to mitigate damages and must be reduced or denied accordingly.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and offset.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## NINTH DEFENSE

Plaintiff's claims fail, in whole or in part, under the doctrines of accord and satisfaction, consent, release, ratification, course of dealing, course of performance, acceptance, acquiescence, and/or novation.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by its prior material breaches and failure to perform.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure of conditions precedent or other anticipated incidents whose occurrence or non-occurrence were assumptions of the parties' agreement.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to its own failure to act in a commercially reasonable manner.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to a mutual and/or unilateral mistake or no meeting of the minds as to the essential terms of the parties' agreement or a condition then thought to be existing.

WHEREFORE, Morcor prays the Court to dismiss ACD's Complaint and each claim for relief stated therein, no cause of action, and to award Morcor its costs and attorneys' fees.

DATED this 1st day of March, 2022.

                                              CLYDE SNOW & SESSIONS

                                              */s/ Edwin C. Barnes*
                                              EDWIN C. BARNES
                                              TIMOTHY R. PACK
                                              *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

On this 1st day of March, 2022, I hereby caused the foregoing **ANSWER TO COMPLAINT** to be e-filed which in turn caused notification of such filing to be sent to the following counsel who are identified as e-filers with this Court:

Eric P. Lee
Matt J. Pugh
HOGGAN LEE HUTCHINSON
1225 Deer Valley Drive, Suite 201
Park City, Utah 84060
eric@hlhparkcity.com
mpugh@hlhparkcity.com

>                                              */s/ Ellen DePola*
>                                              Legal Assistant